Ethel Brown et al., Plaintiffs, *v.* Hugh Bullock et al., Defendants.

Supreme Court, Special and Trial Term, New York County, May 25, 1962.

*Rosenthal & Gurkin* (*Pomerantz, Levy & Haudek* of counsel), for plaintiffs. *Sullivan & Cromwell* for Bullock, Clark & Bullock, Ltd., defendants. *Hughes, Hubbard, Blair & Reed* for Arthur F. Burns and others, defendants. *Cole, Friedman & Deitz* for Dividend Shares, Inc., defendant. *Berger & Berger* (*Mark Berger* of counsel), for Max Goldmann, defendant.

Morris E. Spector, J. By order of this court dated April 16, 1962 this action was dismissed with prejudice to plaintiffs Brown and adopting the practice suggested in *Van Aalten* v. *Mack* (9 A D 2d 648) a hearing was ordered to be held "at which any stockholder of Dividend Shares, Inc. may show sufficient cause, if any he has, why the action herein should not be dismissed with prejudice " and thus become *res judicata*. The form of notice approved by this court was appended thereto and as mailed to the stockholders stated that: "At the hearing on May 21, 1962, any stockholder of Dividend Shares may appear in person or by counsel and may present any evidence that may be proper and relevant to the issue to be heard."

At the hearing, counsel for plaintiffs Brown appeared, although since the action had been dismissed as to them they had no standing at this hearing. Two of the other shareholders were personally present at the hearings, one other appeared by

a relative and one other was represented by counsel. In addition the court received eight letters from shareholders.

The two objecting shareholders present testified but neither they nor anyone else have shown any facts which would indicate that there is a meritorious action or that there would be a more successful prosecution than has been had heretofore. Mark Berger, Esq., appearing for stockholder Max Goldmann, the owner of about 14,000 shares (out of over 94 million presently outstanding), stated that he intended to move for leave to intervene and to move for an examination before trial. Such examinations are not permitted in stockholders' suits in this Department in the absence of a showing of special circumstances (*Gearing* v. *Kelly*, 15 A D 2d 477) and Mr. Berger not only is hoping to establish a cause by conducting a fishing expedition but he did not even show that there might be a reasonable chance of obtaining permission for such procedure. Nor did he state what information he had, if any, which might lead to a successful prosecution of this litigation.

It is obvious that all stockholders received adequate notice that this suit was pending. Page 14 of the annual report of Dividend Shares for 1960 contains a statement dated November 21, 1960 disclosing the commencement of the action and on page 4 of the "Proxy Statement" annexed to the "Notice of Annual Meeting of Stockholders" dated December 5, 1960 this litigation was again discussed. Nevertheless 73,589,168 stockholders voted to continue the investment advisory contract and only 705,000 (about ¾ of 1% of the shares then outstanding) voted against continuance. It is significant that no stockholders saw fit to join plaintiffs Brown in this action although notice was given to them well over a year ago that the action was pending.

The gist of the complaint is that the corporation was being charged a greater investment advisory fee than Bullock Fund, Ltd., which is served by the same investment advisers. This in and of itself is no indication of fraud or waste and mismanagement.

Complaint is dismissed with prejudice. Settle order.